Michael P. Collins, Esq. (MC-0906)
BOND, SCHOENECK & KING, PLLC
Attorneys for Defendant Terence Cardinal Cooke Health Care Center
330 Madison Avenue, 39th Floor
New York, New York  10017-5001
Telephone:  (646) 253-2300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA THOMAS,

                Plaintiff,

             v.

COMPASS GROUP USA, INC., AND ARCHCARE AT TERENCE CARDINAL COOKE HEALTH CARE CENTER,

                Defendant.

**ANSWER**

Civil Action No. 11-CV-2533 (LEK)

Defendant Terence Cardinal Cooke Health Care Center ("TCC"), d/b/a ArchCare, as and for its Answer to the Complaint, states as follows:

**AS AND FOR A FIRST CAUSE OF ACTION-COMPASS GROUP USA, INC.**

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "1" of the Complaint.

2.    Denies the allegations of paragraph "2" of the Complaint, except admits, upon information supplied by Compass Group USA, Inc. ("Compass"), that Compass is a foreign corporation licensed to do business in the State of New York.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "3" of the Complaint.

4.    Denies the allegations of paragraph "4" of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Plaintiff duly filed a

formal complaint, a right to sue notice was issued and the case was commenced within ninety days of receipt, and admits that the Court has jurisdiction over this matter and that Plaintiff purports to bring suit under the American[s] With Disabilities Act.

5. Denies the allegations of paragraph "5" of the Complaint, except admits, upon information and belief, that Compass employs more than twenty individuals and is thus an employer within the meaning of Title VII and the ADA.

6. Denies the allegations of paragraph "6" of the Complaint except admits, upon information and belief, that Plaintiff was employed by Compass, and admits that Plaintiff is a female.

7. Denies the allegations of paragraph "7" of the Complaint, except admits, upon information and belief, that at some point in time, Plaintiff was hired by Compass as a food service worker.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "8" of the Complaint.

9. Denies the allegations of paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "10" of the Complaint.

11. Denies the allegations of paragraph "11" of the Complaint.

12. Denies the allegations of paragraph "12" of the Complaint.

13. Denies the allegations of paragraph "13" of the Complaint, except admits that the accuser does not have a disability and is a black female of Haitian ancestry.

14. The allegation in paragraph "14" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, TCC denies the allegations of paragraph "14" of the Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION-ARCHCARE

15. Repeats, realleges and reiterates its responses to paragraphs "1" to "14" as if they were fully set forth herein at length.

16. Denies the allegations of paragraph "16" of the Complaint, except admits that TCC is a not-for-profit corporation licensed to do business in the State of New York.

17. The allegation in paragraph "17" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, TCC denies the allegations of paragraph "17" of the Complaint.

18. Denies the allegations of paragraph "18" of the Complaint.

19. Denies the allegations of paragraph "19" of the Complaint.

20. Denies the allegations of paragraph "20" of the Complaint.

21. Denies the allegations of paragraph "21" of the Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION-ARCHCARE

22. Repeats, realleges and reiterates its responses to paragraphs "1" to "21" as if they were fully set forth herein at length.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of "23" of the Complaint.

24. Denies the allegations of paragraph "24" of the Complaint.

25. Denies the allegations of paragraph "25" of the Complaint.

26. The allegation in paragraph "26" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, TCC denies the allegations of paragraph "26" of the Complaint.

27. The allegation in paragraph "27" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, TCC denies the allegations of paragraph "27" of the Complaint.

28. Denies the allegations of paragraph "28" of the Complaint.

29. The allegation in paragraph "29" of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, TCC denies the allegations of paragraph "29" of the Complaint.

## PRAYER FOR RELIEF

30. TCC denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause on page 4 of the Complaint or to any other relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

31. The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

32. At all times, TCC acted in good faith and without malice, willfulness or evil intent.

### THIRD DEFENSE

33. Subject to proof through discovery, Plaintiff has failed in whole or in part to mitigate her purported damages.

43237.1 7/19/2011

## FOURTH DEFENSE

34. TCC shares a common interest with Compass based on a contractual arrangement pursuant to which Compass operates and manages TCC's dining services program.

35. The common interest shared between TCC and Compass extends to Compass employees who use TCC's facilities, including its locker rooms, when servicing TCC on behalf of Compass.

36. Any statements made by TCC to Compass concerning a report received from a TCC employee who complained about Plaintiff's behavior in a TCC locker room were made in furtherance of said common interest, without spite, ill will or actual malice.

37. As a result of the common interest TCC shares with Compass, any statements made by TCC to Compass concerning subjects within their common interest are subject to a qualified privilege.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant TCC respectfully requests that the action be dismissed with prejudice and that it be granted its costs and fees, and any other and further relief the Court may deem just and proper.

Dated:  July 19, 2011                                    BOND, SCHOENECK & KING, PLLC

By:     s/ Michael P. Collins
              Michael P. Collins, Esq. (MC-0906)
Bond, Schoeneck & King, PLLC
Attorneys for Defendant Terence
Cardinal Cooke Health Care Center
330 Madison Avenue, 39th Floor
New York, New York  10017-5001
Telephone:  (646) 253-2300
Fax:  (646) 253-2301
Email:  mcollins@bsk.com

TO: Stewart Lee Karlin, Esq.
Attorneys for Plaintiff
9 Murray Street, Suite 4W
New York, NY 10007
Telephone: (212) 732-9450
Fax: (212) 571-9893
Email: edlawkarlin@aol.com

Seyfarth Shaw LLP
Mary Ahrens, Esq.
Attorneys for Compass Group USA, Inc.
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 218-5500
Fax: (212) 218-5526
Email: mahrens@seyfarth.com